UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JULIUS CZUDAR,<br>    Plaintiff,<br>v.<br>PRO-VIGIL, INC.,<br>    Defendant. | Case No.: 2:19-cv-01784-GMN-NJK<br>**ORDER**<br>[Docket No. 42] |

    Pending before the Court is the parties' fourth stipulation to extend discovery deadlines. Docket No. 42. The parties request a 60-day extension of discovery deadlines. *Id.* at 3.

    A request to extend deadlines in the Court's scheduling order must be supported by a showing of good cause for the extension. LR 26-3; *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d at 608–09.[1] The "good cause" inquiry focuses mostly on the movant's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. While prejudice to the opposing party may also be considered, when the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609). The Court has broad discretion in supervising pretrial litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

    On November 20, 2020, the Court issued an order granting the parties' request for a 90-day extension of discovery deadlines. Docket No. 38. The parties submit that discovery has not moved forward on schedule because an individual residing at the home of Plaintiff's counsel contracted COVID-19 in December 2020, forcing Plaintiff's counsel to temporarily shut down his

---

[1] The "good cause" standard in Local Rule 26-3 is the same as the standard governing modification of the scheduling order under Fed. R. Civ. P. 16(b).

1

office. Docket No. 42 at 2. The parties, however, fail to comply with the Court's Local Rules requiring a specific statement of discovery that remains to be completed. *See* LR 26-3(b). Nonetheless, in light of the specific difficulties the COVID-19 pandemic has caused in this case, the Court will grant the parties' request for an extension.

Accordingly, the parties' stipulation, Docket No. 42, is hereby **GRANTED**. The Court **SETS** the following deadlines:

- Amend pleadings/add parties: Closed
- Initial experts: Closed
- Rebuttal experts: Closed
- Discovery cutoff: May 10, 2021
- Dispositive motions: June 9, 2021
- Joint proposed pretrial order: July 9, 2021[2]

IT IS SO ORDERED.

Dated: February 18, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] If dispositive motions are filed, this date will be suspended until 30 days after the dispositive motions are decided or further Court order. *See* LR 26-1(b)(5).