UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JULIUS CZUDAR,<br><br>    Plaintiff,<br><br>v.<br><br>PRO-VIGIL, INC.,<br><br>    Defendant. | Case No. 2:19-cv-01784-GMN-NJK<br><br>**ORDER**<br><br>[Docket No. 44] |

Pending before the Court is the parties' fifth stipulation to extend discovery deadlines. Docket No. 44. The parties request a 30-day extension of discovery deadlines. *Id.* at 4.

A request to extend deadlines in the Court's scheduling order must be supported by a showing of good cause for the extension. LR 26-3; *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992).[1] The "good cause" inquiry focuses mostly on the movant's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. While prejudice to the opposing party may also be considered, when the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609). The Court has broad discretion in supervising pretrial litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

On February 18, 2021, the Court issued an order granting the parties' fourth request for an extension of discovery deadlines. Docket No. 43. Although the parties failed to comply with the Court's Local Rules requiring a specific statement of discovery that remains to be completed, the Court granted the parties' request in light of the specific difficulties the COVID-19 pandemic

---

[1] The "good cause" standard in Local Rule 26-3 is the same as the standard governing modification of the scheduling order under Fed. R. Civ. P. 16(b).

caused in this case. *Id.* at 2. The instant request, however, again fails to provide a specific statement of discovery that remains to be completed. *See id.* at 4; *see also* LR 26-3(b). In addition, except for supplemental discovery requests propounded by Plaintiff, the parties have failed to engage in any discovery following the Court's order granting their fourth request for an extension of discovery deadlines. *See* Docket No. 44 at 3. The parties, therefore, fail to demonstrate that they have diligently conducted discovery.

Accordingly, the parties' stipulation, Docket No. 44, is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: April 20, 2021

                                                  Nancy J. Koppe
                                                  United States Magistrate Judge